UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHYRL IRENE LAMAR,<br><br>Petitioner,<br><br>v.<br><br>DERRAL ADAMS,[1]<br><br>Respondent. | No. 2:16-cv-1269 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner proceeding pro se with this habeas corpus action filed under 28 U.S.C. § 2254, in which petitioner challenges her 1990 convictions and life sentence. This action proceeds on the original petition filed June 6, 2016. See ECF No. 1. Petitioner paid the filing fee.

Pending before the court is respondent's motion to dismiss the petition as filed beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act

////

---

[1] The court grants respondent's request, pursuant to Rule 25(d), Federal Rules of Civil Procedure, to substitute Derral Adams as respondent herein. See ECF No. 9 at 1 n.1. Derral Adams is the current Warden of the Central California Women's Facility, where petitioner is incarcerated. Id. A federal petition for writ of habeas corpus must name as respondent the state officer having custody of petitioner. See 28 U.S.C. § 2254; Rule 2(a), Rules Governing Section 2254 Cases in the U.S. District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

1

(AEDPA), 28 U.S.C. § 2244(d). ECF No. 9. Petitioner filed an opposition, ECF No. 10, and respondent filed a reply, ECF No. 14.

This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that respondent's motion to dismiss be granted, and the petition be denied with prejudice.

II. Chronology

1. On July 12, 1990, in the Sacramento County Superior Court, petitioner was convicted by jury trial of two counts of first degree murder, robbery and burglary; three special circumstances were found to be true. Petitioner was sentenced to a prison term of life without the possibility of parole. See Lodged Document (Lodg. Doc.) 1.

2. On February 16, 1994, the California Court of Appeal, Third Appellate District, affirmed the judgment. Lodg. Doc. 2.

3. On May 19, 1994, the California Supreme Court denied petitioner's petition for review filed March 21, 1994.[2] Lodg. Docs. 3, 4.

4. Proceeding pro se, petitioner thereafter filed six state habeas petitions seeking post-conviction collateral relief. Petitioner filed her first state petition for writ of habeas corpus on November 3, 2013, in the Sacramento County Superior Court. Lodg. Doc. 5. The petition was denied by written order on November 21, 2013. The Superior Court found the petition untimely, citing In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 765 (1993), and further found that no alleged error at trial constituted a fundamental miscarriage of justice warranting an exception to application of the timeliness requirements. Lodg. Doc. 6.

////

---

[2] Unless otherwise noted, petitioner's filing dates referenced herein are based on the prison mailbox rule, pursuant to which a document is deemed filed or served on the date a prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners); see also Rule 3(d), Federal Rules Governing Section 2254 Cases ("[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing").

5. On January 9, 2014, petitioner filed her second state petition for writ of habeas corpus, in the California Court of Appeal, Fifth Appellate District. Lodg. Doc. 7. The petition was denied on February 19, 2014, without prejudice to petitioner filing in the appropriate forum, the Third Appellate District. Lodg. Doc. 8.

6. On March 10, 2014, petitioner filed her third state petition for writ of habeas corpus, in the California Supreme Court. Lodg. Doc. 9. The petition was summarily denied on May 14, 2014, with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998). Lodg. Doc. 10.

7. On August 24, 2015, petitioner filed her fourth state petition for writ of habeas corpus, in the Sacramento County Superior Court. Lodg. Doc. 11. Petitioner asserted for the first time that a change in state law, as set forth in the California Supreme Court's decision in People v. Banks, 59 Cal. 4th 1113 (Aug. 14, 2014) (abrogated on other grounds in People v. Scott, 61 Cal. 4th 363, 391 n.3 (2015)), required a heightened assessment of petitioner's *mens rea* to support her murder convictions. The Superior Court denied the petition on November 16, 2015, in a written order holding that, even if Banks applied retroactively, it did not apply to the facts underlying petitioner's convictions. Lodg. Doc. 12.

8. On December 7, 2015, petitioner filed her fifth state petition for writ of habeas corpus, in the California Court of Appeal, Third Appellate District, further pursuing her claims under Banks. Lodg. Doc. 13. The Court of Appeal summarily denied the petition on December 17, 2015. Lodg. Doc. 14.

9. On January 11, 2016, petitioner filed her sixth state petition for writ of habeas corpus, in the California Supreme Court, thus exhausting her state court remedies on her Banks claims. Lodg. Doc. 15. On April 27, 2016, the California Supreme Court summarily denied the petition. Lodg. Doc. 16.

10. On June 6, 2016, petitioner filed the instant federal habeas petition pursuant to 28 U.S.C. § 2254. Petitioner asserts that federal due process requires this court's consideration of her claims under the California Supreme Court's decision in People v. Banks, supra, 59 Cal. 4th 1113.

////

III. Motion to Dismiss

Respondent moves to dismiss the instant petition on the ground that it was untimely filed after expiration of the one-year statute of limitations enacted by ADEPA, 28 U.S.C. § 2244(d). See ECF No. 9.

Petitioner responds that the statute of limitations should be calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), in the instant case, when the California Supreme Court decided Banks. See ECF No. 10.

Respondent replies that the state court decision had no effect on the federal limitations period. See ECF No. 14.

IV. Legal Standards

AEDPA's one-year statute of limitations provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

28 U.S.C. § 2244(d)(1). For convictions rendered after the effective date of AEDPA, the statute provides four alternate trigger dates for commencement of the one-year limitations period. Id., § 2244(d)(1)(A)-(D). For convictions that became final prior to the enactment of AEDPA, as in the instant case, the limitations period commenced with the April 24, 1996 effective date of AEDPA. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed" if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Further, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled – because it is part of a single round of habeas relief – so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed

4

petition is considered "pending" under Section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

V. Analysis

Following the California Supreme Court's denial of direct review of petitioner's convictions and sentence on May 19, 1994, petitioner had ninety days, or until August 17, 1994, to file a petition for writ of certiorari in the United States Supreme Court. See Rule 13, Supreme Court Rules. Because petitioner did not pursue this option, her convictions and sentence became final ninety days later on August 17, 1994. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) ("period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition").

Because petitioner's convictions and sentence became final prior to the enactment of AEDPA, the Act's one-year statute of limitations is deemed to commence on the effective date of AEDPA, April 24, 1996, and end on April 24, 1997, subject to any applicable tolling. Patterson, 251 F.3d at 1246. Petitioner concedes that she is not entitled statutory or equitable during this period. See ECF No. 10 at 3. Following the denial of her petition for review by the California Supreme Court on May 19, 1994, petitioner did not seek collateral review until she filed her first state habeas petition on November 3, 2013. Thus, as respondent contends, because there are no grounds for tolling and "because finality of direct review occurred prior to AEDPA's enactment on April 24, 1996, [petitioner's] federal petition was due one year from the effective date of the statute of limitations, by April 24, 1997." ECF No. 14 at 2. The instant federal petition was

untimely filed nearly twenty years later, on June 6, 2016.

Petitioner contends that the one-year statute of limitations should be calculated from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), which she asserts is the effective date of the California Supreme Court's decision in People v. Banks, supra, 59 Cal. 4th 1113. Petitioner asserts that she "filed her petition within months of Banks being decided, which makes her petition timely." ECF No. 10 at 5. This theory fails for two distinct reasons.

First, the announcement of new legal authority does not constitute a newly discovered "factual predicate" for a claim within the meaning of § 2244(d)(1)(D). Shannon v. Newland, 410 F.3d 1083, 1088-89 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006).[3] Subsection (D) provides for delayed running of the limitation period when *new facts* are discovered that support a claim for relief; subsection (C) provides for delayed running of the limitation period when a *new legal basis* for relief becomes available. Section 2244(d)(1)(C) provides that the one-year filing deadline may run from "the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. Petitioner's Banks claim does not come within the scope of § 2244(d)(1)(C) because Banks is a decision of a state court and not the U.S. Supreme Court, and because it clarifies state law rather than recognizing a new federal constitutional right.

In Banks, the California Supreme Court held that trial courts must instruct on second degree murder if reasonably supported by the evidence when the defendant is charged with felony murder. See People v. Banks, 59 Cal. 4th at 1241-42. However, the Banks court found under the facts before it that the trial court's failure to instruct on second degree murder was harmless error. Id. at 1161. The substantive elements of state criminal law are defined by state, not federal, law. Moreover, failure to give a jury instruction which might be proper as a matter of state law,

---

[3] In Shannon, the Ninth Circuit squarely held that the California Supreme Court's clarification of state law, following the expiration of AEDPA's statute of limitation, does not entitle an inmate to a new limitations period. The petitioner in Shannon, like petitioner here, sought the benefit of a state court decision regarding jury instructions in homicide cases.

without more, does not support federal habeas relief. Menendez v. Terhune, 422 F.3d 1012, 1029 (9th Cir. 2005) (citing Miller v. Stagner, 757 F.2d 988, 993 (9th Cir. 1985)). Because federal habeas relief can only be based on violation of federal rights, § 2244(d)(1)(C) provides for the commencement of a new limitations period only in the case of a newly recognized and retroactively-applicable federal constitutional right. Accordingly, the California Supreme Court's decision in Banks does not support a delayed trigger date under § 2244(d)(1)(C).

Second, the instant petition would be untimely even if Banks could support a delayed trigger date under § 2244(d)(1)(C) or (D). The remittitur issued in Banks on September 24, 2014, following extended time for the California Supreme Court to consider and deny a petition for rehearing. See Docket, Cal. Supreme Court Case No. S080477, People v. Banks.[4] Petitioner filed her first relevant state court petition eleven months later, on August 24, 2015. Petitioner contends that she was then entitled to statutory tolling during the period the California courts reviewed her state petitions, until the California Supreme Court denied her petition on January 11, 2016. Petitioner waited six more months, until June 6, 2016, to file her instant federal petition. Accordingly, even assuming maximum entitlement to statutory tolling, petitioner filed this petition after expiration of the one-year period.

Because the petition was untimely filed, the undersigned recommends that respondent's motion to dismiss be granted, and the petition be denied with prejudice.

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, for the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 9, be granted; and
2. The petition be denied with prejudice.

---

[4] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If petitioner files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: April 27, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE